**UNITED STATES DISTRICT COURT**
**District of Kansas**
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                       CASE NO.  25-cr-10098-JWB

**ERIK S. HARPER,**

        **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**POSSESSION OF METHAMPHETAMINE**
**WITH THE INTENT TO DISTRIBUTE**
**[21 U.S.C. § 841]**

On or about December 6, 2024, in the District of Kansas,

**ERIK S. HARPER,**

the defendant herein, did unlawfully, knowingly, and intentionally possess, with the intent to distribute, fifty (50) grams or more of Methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

1

## COUNT 2

### POSSESSION OF METHAMPHETAMINE
### WITH THE INTENT TO DISTRIBUTE
### [21 U.S.C. § 841]

On or about May 23, 2025, in the District of Kansas,

### ERIK S. HARPER,

the defendant herein, did unlawfully, knowingly, and intentionally possess, with the intent to distribute, a mixture and substance containing a detectable amount of Methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 3

### POSSESSION OF A FIREARM
### IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)]

On or about May 23, 2025, in the District of Kansas,

### ERIK S. HARPER,

the defendant herein, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is: Possession of Methamphetamine with the Intent to Distribute.

In violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 4

**POSSESSION OF A FIREARM
BY A CONVICTED FELON
[18 U.S.C. § 922(g)(1)]**

On or about May 23, 2025, in the District of Kansas,

**ERIK S. HARPER,**

the defendant herein, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year (a felony), did knowingly and unlawfully possess, in and affecting commerce, a firearm which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE NOTICE

1. The allegations contained in Counts 1-4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense set forth in Counts 1-4 of this Indictment, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offense, including, but not limited to:

    A.    an Anderson Mfg, AM-15 rifle, S/N 21285745;
    B.    a Smith & Wesson, SD9 9mm pistol, S/N FZY4407; and
    C.    Ammunition.

3. Upon conviction of one or more of the offenses set forth in Counts 1 and 2, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

    A.    an Anderson Mfg, AM-15 rifle, S/N 21285745;
    B.    a Smith & Wesson, SD9 9mm pistol, S/N FZY4407;
    C.    approximately $1,200.00 seized on May 23, 2025; and
    D.    Ammunition

All pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

September 30, 2025         s/Foreperson
DATE                         FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ Lanny D. Welch
LANNY D. WELCH
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: Lanny.Welch@usdoj.gov
Ks. S. Ct. No. 13267

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

### Count 1:   21 U.S.C. § 841
### [Possession with the Intent to Distribute Methamphetamine]

- Punishable by a term of imprisonment of not less than ten (10) years and not more than Life.  21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of not less than five (5) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $10,000,000.  21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

### Count 2:   21 U.S.C. § 841
### [Possession with the Intent to Distribute Methamphetamine]

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of not less than three (3) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1,000,000.  21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

### Count 3:   18 U.S.C. § 924(c)(1)(A)
### [Possession of a Firearm in Furtherance of a Drug Trafficking Crime]

- Punishable by a term of imprisonment of not less than five (5) years and not more than Life.  18 U.S.C. § 924(c)(1)(A).
- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 4:   18 U.S.C. § 922(g)(1) [Felon in Possession of a Firearm]**

- Punishable by a term of imprisonment of not more than 15 years.  18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(8).
- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000.00.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A)